RONALD I. LeVINE, ESQ.
The Law Office of Ronald I. LeVine
210 River Street, Suite 11
Hackensack, New Jersey 07601
Telephone: (201) 489-7900
Facsimile:(201) 489-1395
Email: ronlevinelawfirm@gmail.com
Attorney for Plaintiff: Hassan Areiqat

| | |
|---|---|
| Hassan Areiqat<br><br>Plaintiff<br><br>vs.<br><br>LVNV Funding, LLC, Successor in Interest, (Credit One Bank, NA, Original Creditor) and John Does 1-10<br><br>Defendants | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**<br><br>Civil Action No.:<br><br>COMPLAINT AND JURY DEMAND |

Hassan Areiqat by way of Complaint against the Defendants, LVNV Funding, LLC, Successor in Interest, (Credit One Bank, NA, original creditor) and John Does 1-10 says:

## I. INTRODUCTION

1.      This is an action for damages against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et. seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2.      This Court has jurisdiction over this proceeding, pursuant to 28 U.S.C. Section 1331. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage as Defendant regularly does business in this district.

III.  PARTIES

3.      Plaintiff, Hassan Areiqat, is a natural person residing in Bergen County, New Jersey.

4.      Defendant, Successor in Interest, (Credit One Bank, NA, Original Creditor) (hereinafter LVNV Funding) is a debt collector having a principal place of business at the c/o Resurgent Capital Services, LP, 55 Beattie Place, Suite 110, Mail Stop 276, Greenville, South Carolina 29601.

5.      Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6.      Defendants John Does 1-10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identity will be disclosed in discovery and should be made parties to this action.

IV. FACTS

7.      LVNV Funding, LLC (hereinafter LVNV Funding) is not in the business of extending credit, selling goods or services to consumers.

8.      LVNV Funding regularly collects or attempts to collect past-due or defaulted debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

9.      LVNV Funding is in the business of collecting past-due or defaulted debts or alleged debts of natural purposes.

10.      LVNV Funding used the mail, telephone, the internet, and other instruments of interstate commerce in engaging in the business of collecting past-due or defaulted debts of natural persons which arise from transactions which are primarily for personal, family or household purposes.

11.     LVNV Funding is engaged in the collection business.

12.     LVNV Funding has asserted that Hassan Areiqat (hereinafter Areiqat or Plaintiff_ incurred or owed certain financial obligations arising from accounts which debts arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes ("Debt" or "Account").

13.     The Debts alleged to be owed by Plaintiff were incurred for personal, family or household purposes.

14.     LVNV Funding contends that the Account was past-due and in default.

15.     Sometime after default, the creator of the Account either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to LVNV Funding for collection.

16.     The Account was past-due and in default when it was placed with or assigned to LVNV Funding for collection.

17.     In attempts to collect the Debt from Plaintiff, LVNV Funding filed a Complaint against Areiqat on May 13, 2020. (*LVNV Funding, LLC Successor in Interest (credit One Bank, N.A., Original Creditor) vs. Hassan Areiqat*, Superior Court of New Jersey, Special Civil Part, Bergen County, Docket No.: BER-DC-006015-20.

18.     LVNV Funding demanded judgment in the amount of $2,346.40 plus costs ("Debt").

19.     The Debt LVNV Funding sued upon was part of Plaintiff's bankruptcy, Case No.: 19-24854-RG filed on July 31, 2019 and discharged on November 8, 2019.

20.   .  LVNV Funding filed the Complaint to collect a debt discharged in bankruptcy, and was therefore, uncollectable. Since filing the complaint, LVNV Funding has not taken further action and has left the complaint open to the detriment of Areiqat.

21.     LVNV Funding's actions violate the Fair Debt Collection Act.

<u>FIRST COUNT</u>

<u>VIOLATIONS OF THE FDCPA</u>

22.     The allegations contained in the preceding paragraphs are realleged and set forth herein as if repeated at length.

23.     LVNV Funding is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25.     The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

26.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

27.     The LVNV Funding Complaint against Plaintiff attached as Exhibit A is a communication as defined by 15 U.S.C. § 1692a(2).

28.     Defendant's filing and service of the Complaint on Plaintiff is an attempt to collect the discharged Debt violated the Fair Debt Collection Practices Act (including limited to 15 U.S.C. § 1692e (including subsections 1692e(2), 1692e(5), 1692e(8), and 1692e(10)).

29.     Based on any one or more of these violations, Defendant is liable to Plaintiff for an amount of money as allowed under 15 U.S.C. § 1692k including but not limited to, damages, costs and reasonable attorney fees.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hassan Areiqat, demands judgment against Defendant LVNV Funding as follows:

A.  An award of actual damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(1).

B.  For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C.  For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

D.  For pre-judgment and post-judgment interest; and

E.  For such other and further relief as the Court deems equitable and just.

**JURY DEMAND**

Plaintiffs demands trial by jury as to all issues so triable.

**CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is  the subject of LLC Successor in Interest (credit One Bank, N.A., original creditor vs. Hassan Areiqat, Superior Court of New Jersey, Special Civil Part, Bergen County, Docket No.: BER-DC-006015-20. I am unaware of any other actions, pending arbitration or administrative proceeding.

The Law Office of Ronald I. LeVine
Attorney for Plaintiff

/s/ *Ronald I. LeVine*
Ronald I. LeVine